Nott, J.,
delivered tbe opinion of tbe court:
This is an action brought under tbe Abandoned or captured property act, in tbe name of Simeon W. Silverbill, a citizen of Savannah, for tbe use of Samuel Scbiffer, surviving partner of tbe firm of J. Scbiffer & Co., merchants in New York.
Tbe petition alleges that Silverbill was tbe owner of certain captured cotton, and “ that while said cotton was in the possession of the United States, and before the sale thereof, he sold the same for a vahiable consideration to J. Schiffer <& OoP Tbe allegation is not proven, nor is there any testimony offered to sustain it.
Moreover, tbe petition is verified by Samuel Scbiffer, and no *612 warrant of attorneytobim from the claimant, Silverhill, has been filed.
There is nothing therefore before us to connect Silverhill with Schiffer or with the case. Schiffer is the party who has really brought the action, and he shows neither an equitable right in himself nor an authority to sue in the name of Silverhill.
By the decision in Cate’s Case, (3 C. Cls. R., p. 64,) it was determined that these captured property cases come within the prohibition of the Act 26th February, 1853, (10 Stat. L., p. 17,) forbidding transfers and assignments of claims against the United States. Butit was earlier determined that thecourt could save the equitable rights of an assignee by allowing the suit to be brought in the name of the assignor, the recovery to be by the latter to the use of the former. Jackson’s Case, (1 C. Cls. R., p. 260.) Nevertheless it is necessary to connect the assignor with the case. His authority or recognition may be shown by the assignor himself verifying the petition, or by the warrant of attorney required under Bule II, or by proving the transfer.
But under no theory could this action, as it now stands, be sustained j for there is an absolute want of authority to prosecute it in the name of Silverhill, and a total absence of testimony to show an interest or equity in Schiffer. Properly the suit should be dismissed. But it has been intimated that .the requisite authority can be produced, and, a second action being now barred by lapse of time, the case will be remanded to the docket and'continued for the term.